UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | Case No. _____ |
| ) | (NOTE: If blank, Case No. will be on the Meeting of Creditors Notice) |
| ) | |
| ) | **CHAPTER 13 PLAN DATED** _____; **AND** |
| ) | ☐ **MOTION TO VALUE COLLATERAL (See Paragraph 2(b)(1) and (2) below)**; |
| ) | ☐ **MOTION TO AVOID LIENS (See Paragraph 6 below)** |
| ) | ☐ **THIS PLAN SETS OUT NONSTANDARD PROVISIONS BEGINNING WITH** |
| Debtor(s)  ) | **PARAGRAPH 10** |

**NOTICE TO INTERESTED PARTIES: Your rights may be affected. Your claim may be modified or eliminated**. **You should read these papers carefully and discuss them with your attorney. If you do not have one, you may wish to consult one.**

*If you oppose the Plan* treatment of your claim or any provision of this Plan, you must file an objection to confirmation (or one must be filed on your behalf) within fourteen days after the conclusion of the meeting of creditors, unless otherwise ordered by the Bankruptcy Court. See Local Bankruptcy Rule 3015-3(c). **Failure of a creditor to file a written objection to the plan shall constitute acceptance of the plan and the Bankruptcy Court may confirm the plan without further notice**. If there are any additional plan provisions or provisions that alter the language of paragraphs 1-9, they shall be outlined in paragraphs 10+ below.

1. The debtor shall pay to the trustee:

    (a) a monthly payment of $_____;

    (b) all proceeds from avoided transfers, including proceeds from transfers avoided by the trustee;

    (c) upon receipt by the debtor, all tax refunds attributable to prepetition tax years and, upon receipt by the debtor, net tax refunds (i.e., tax refunds not otherwise provided for in the plan, less tax paid by debtor for a deficiency shown on any tax return for that same tax year or tax paid by setoff by a tax agency for a postpetition tax year) attributable to postpetition tax years during the: ☐ 36 months or ☐ 60 months from the date the first plan payment is due (note: refunds for the first three years of the plan are due in cases with 36 month commitment periods; refunds for all five years are due in cases with 60 month commitment periods);

    (d) a lump sum payment of $_____ on or before _____ (date); and

    (e) _____.

    Debtor acknowledges that if the debtor is ever more than 30 days delinquent on any payment due under section 1(a) of this plan, upon motion of the trustee granted by the court after appropriate notice, a wage deduction order to debtor's employer may be issued immediately.

2. The trustee shall disburse all funds received pursuant to paragraph 1 as follows:

    (a) First, to the trustee's percentage fee and expenses.

    (b) Second, to secured creditors as provided in (1) and (2) below. Should the trustee not have sufficient funds in trust to pay fully the disbursements listed below, disbursements of funds available shall be made pro rata. The terms of the debtor's prepetition agreement with each secured creditor shall continue to apply, except as otherwise provided in this plan or in the order confirming plan. Secured creditors shall retain their liens until payment of the underlying debt, determined under nonbankruptcy law, or discharge under §1328(a), at which time the lien shall terminate and be released by the creditor.

    (1) **Cure of Default and Claim Modification**. The debtor will cure the default and maintain the contractual installment payments (as provided in paragraph 4) on the secured claims listed below in the "Estimated Arrearage if Curing" column. The amount listed in this column is an estimate; the creditor's timely filed and allowed claim shall control. Claims provided for in the "Collateral Value if Not Paying in Full" column are allowed secured claims only to the extent of the value indicated, and pursuant to §506(a), the debtor MOVES the court for an order fixing the value of the collateral in the amount stated below. Unless a creditor timely objects to confirmation, the value of the creditor's interest in the collateral shall be limited to the amount listed below, and that amount will be paid under

the plan with interest at the rate stated below.

For claims provided for in the "Estimated Secured Claim if Paying Secured Claim in Full" column, including full payment of "910 claims" not subject to 11 U.S.C. §506 pursuant to the hanging paragraph of 11 U.S.C. §1325(a)(9), the creditor will receive (a) the Amount of Secured Claim set forth in box 4 of the creditor's timely proof of claim or (b) if the claim is a "910 claim," the Amount of Claim as of Date Case Filed set forth in box 1 of the creditor's timely proof of claim, even if the Amount of Claim as of Date Case Filed exceeds the Amount of Secured Claim.

For all creditors provided for under this subparagraph, if the creditor's claim will not be paid in full, the portion of the creditor's claim that exceeds the amount of the allowed secured claim shall be treated as an unsecured claim under paragraph 2(e) (if the claim identifies the priority position of the claim) and 2(f) below.

*Instruction to debtor(s)*: Use **only one** of the following columns for each creditor: "Estimated Arrearage if Curing," **or** "Collateral Value if Not Paying in Full," **or** "Estimated Secured Claim if Paying Secured Claim in Full." All other columns must be completed.

| Creditor | Collateral | Estimated Arrearage if Curing | OR | Collateral Value if Not Paying in Full | OR | Estimated Secured Claim if Paying Secured Claim in Full | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**(2) Secured Claim Modification Not Expressly Authorized by the Code.** This subparagraph may include, but is not limited to, modification of a claim secured by a purchase money security interest in either (1) a motor vehicle acquired for personal use by the debtor within 910 days before the bankruptcy filing date, or (2) any other personal property collateral acquired within one year before the bankruptcy filing. Secured claims provided for in this subparagraph shall be limited to the amount indicated in the "Amount of Claim as Modified (Value of Collateral)" column. The debtor MOVES the court for an order fixing the value of the collateral in the amount stated below.

**DEBTOR PROPOSES THAT THE CREDITOR(S) SPECIFICALLY IDENTIFIED BELOW ACCEPT, EITHER EXPRESSLY OR IMPLIEDLY, THE FOLLOWING TREATMENT WHICH THE COURT MIGHT NOT BE ABLE TO APPROVE ABSENT CONSENT OF CREDITOR(S). FAILURE OF A CREDITOR TO FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN**.

| Creditor | Collateral | Amount of Claim as Modified (Value of Collateral) | Post-confirmation Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

(3) Adequate protection payments shall be disbursed by the trustee pre-confirmation from funds on hand with the trustee in the payment amounts specified in the plan for personal property secured creditors, absent a provision in this plan or a court order providing for a different amount to be paid pre-confirmation. If the debtor fails to make a monthly payment sufficient to pay the adequate protection payments in full, the trustee will disburse the funds pro rata according to the monthly payments proposed for those creditors. Adequate protection payments paid through the trustee pre-confirmation will be deducted from the amount of the allowed claim. Unless the concerned creditor is fully secured or oversecured for purposes of §506 or §1325(a)(9), no

interest shall be paid from the date of the filing of the petition to the date of confirmation unless otherwise specifically provided for in the payment provisions set forth above.

(4) Attorney Compensation: Original attorney fees and expenses are $_____, of which $_____ remains unpaid. If debtor has agreed to an estimated rather than a fixed fee, upon application, the court in its sole discretion may award not more than $500 in addition to the above amount without further notice. Attorney fees are to be paid either:    ☐ From all available funds after paragraph 2(b) payments are made; **or**
☐ Other _____.

(5) The debtor shall surrender any collateral not otherwise addressed by the terms of this plan no later than upon confirmation of this plan to the following (i.e., state <u>creditor</u> NAME followed by DESCRIPTION of collateral to be surrendered. If the debtor does not have possession of the collateral, this should be indicated below):

(c) Third, pro rata until fully paid, allowed unsecured domestic support obligations under §507(a)(1).

(d) Fourth, allowed administrative expenses under §507(a)(2).

(e) Fifth, pro rata, until fully paid, to allowed priority claims in the order stated in §507(a)(3)-(10), including §1305 claims.

(f) Sixth, pro rata, to timely filed and allowed nonpriority unsecured claims, the amounts required by §1325(b)(1). These monies will be distributed in the method indicated in the section marked below [MARK ONLY **ONE**].

(1) The creditors will receive approximately _____ % of their claims.  Payment of any dividend will depend upon the amount of allowed secured claims, the amount of allowed priority claims (including costs of administration and the debtor's attorney's fees), and the total amount of allowed, nonpriority unsecured claims.
(2) The creditors will receive a minimum _____% of their claims.  This percentage will not be reduced regardless of the amount of total creditors' claims filed.

(g) Pursuant to §1325(a)(4), the "best interest of creditors" number is determined to be $_____, and not less than that amount shall be distributed to unsecured priority and, pro rata, non-priority creditors with timely filed and allowed claims.  The total amount of allowed priority claims will reduce the amount distributed to unsecured, non-priority creditors.

(h) Pursuant to §1325(a)(4), all allowed unsecured claims shall receive interest of _____% from the time of confirmation.

3. The debtor ASSUMES the following executory contracts and leases:

| Creditor | Amount of Default [State if None] | Cure Provisions |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Those executory contracts or leases not specifically mentioned above are treated as rejected.  Any timely filed and allowed claim arising from rejection shall be treated under paragraph 2(f).  The debtor will pay all assumed executory contracts and leases directly, including amounts required to cure.  The debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than upon confirmation of this plan.

4. The debtor shall pay directly to each of the following creditors, whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence, the regular payment due post-petition on these claims in accordance with the terms of their respective contracts, list any pre-petition arrearages in paragraph 2(b)(1) and/or specify any other treatment of such secured creditor(s) in an additional paragraph at the end of this plan:

5.  Subject to the provisions of §502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order.

6.  The debtor MOVES, pursuant to §522(f)(1), to avoid the judicial liens and/or non-purchase money security interests of the following creditors because they impair an exemption(s) of the debtor:

    Absent objection from a creditor, the order of confirmation will avoid its lien and its claim will be treated in paragraph 2(f).

7.  The applicable commitment period of this plan is ☐36 or ☐60 months. Debtor(s) shall make plan payments for the length of the commitment period unless the debtor(s) first pay 100% of all allowed claims with appropriate interest. If the commitment period is 36 months, the plan payments may continue for a longer period, not to exceed 60 months, as necessary to complete required payments to creditors. The approximate length of the plan is _____ months; cause to extend longer than 36 months is as follows:

8.  This plan may be altered post-confirmation in a non-material manner by court order after notice to the debtor, the trustee, any creditor whose claim is the subject of the modification and any interested party who has requested special notice.

9.  Debtor Certification. Debtor(s) certifies that the petition was filed in good faith, and this plan was proposed in good faith and not by any means forbidden by law. Debtor(s) further certifies that all postpetition domestic support obligations have been paid in full on the date of this plan and will be paid in full at the time of the confirmation hearing.

**ADDITIONAL NONSTANDARD PROVISIONS** (list each by separate numbered paragraphs below, beginning with 10)

_____    _____
DEBTOR                          DEBTOR

**CERTIFICATE OF SERVICE on Creditors/Parties Treated in Paragraphs 2(b)(1)** (under the "Collateral Value if Not Paying in Full" column), **2(b)(2)** (under the "Amount of Claim as Modified" column), **3,** and **6** (see FRBP 3012, 4003(d), and 9014, and LBR 6006-1(b)). I certify that copies of this plan and the notice of hearing to confirm this plan were served as follows:

a) For creditors/parties who are **not** Insured Depository Institutions (served by court) (see FRBP 7004(b)), I either listed the creditors/parties in the mailing list filed with the court exactly as follows, OR, on (insert date) _____, I served the above-documents by first-class mail to the creditors/parties at the names and addresses exactly as follows (list each creditor/party, the person or entity the creditor/party was served through, and the address):

b) For Insured Depository Institutions (see FRBP 7004(h)), on (insert date)_____, I served the above-documents by certified mail, or by other authorized means (specify), at the name and address exactly as follows (list each insured depository institution, the person or entity the institution was served through, and the address):

_____
DEBTOR OR DEBTOR'S ATTORNEY